UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     Case No. 1:19-CR-13

RUSSELL JAMES POWERS,           Hon. Janet T. Neff

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Pursuant to W.D. Mich. LCrR 11.1 and upon a request of the district court, I conducted a felony plea hearing in this matter on March 11, 2019, after receiving the written consent of the defendant, the defendant's attorney, and the attorney for the government.  These consents were also placed on the record in open court.

        Defendant Russell James Powers is charged in a single-count Indictment with making a false statement during the purchase of a firearm.  On the basis of this record, I found that defendant was competent to enter a plea of guilty and that his plea was knowledgeable and voluntary with a full understanding of each of the rights waived by the defendant, that the defendant fully understood the nature of the charge and the consequences of his plea, and that the defendant's plea had a sufficient basis in fact which contained all of the elements of the offense charged.

        There was no written plea agreement in this case.

I accepted the plea of guilty, subject to final acceptance of the plea by the District Judge.   I ordered the preparation of a presentence investigation report.

## Recommendation

Based upon the foregoing, I respectfully recommend that the defendant's plea of guilty to the Indictment be accepted, and that the court adjudicate the defendant guilty of that charge.

Dated:  March 12, 2019                                         /s/ Ray Kent
                                                                              United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review by the district judge of the foregoing findings. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (l4) days after the plea hearing.  See W.D. Mich. LCrR 11.1(b).  A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *Neuman v. Rivers,* 125 F.3d 315, 322-23 (6th Cir.), *cert. denied,* 522 U.S. 1030 (1997); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).